POSTED ON WEBSITE

NOT FOR PUBLICATION

FILED

JUN 19 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 05-18085-B-7
)
Jennifer Leanne Zagala, ) DC No. None
)
      Debtor. )
)

**MEMORANDUM DECISION REGARDING MOTION TO
PROCEED IN STATE COURT NOTWITHSTANDING
BANKRUPTCY DISCHARGE INJUNCTION**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Stephen Austin, Esq., of the Law Offices of Craig E. Johnson, appeared on behalf of the creditor, Jason Sinkpiel ("Sinkpiel").

Ronda Satterlee, Esq., of Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc., appeared on behalf of the debtor, Jennifer Leanne Zagala ("Zagala").

    A hearing was held before the court on Sinkpiel's Motion to Proceed in State Court Notwithstanding Bankruptcy Discharge Injunction (the "Motion"). Sinkpiel seeks permission to prosecute a state court personal injury action against Zagala, but only seeks to recover damages from Zagala's insurance carrier. For the reasons set forth below, the Motion was both procedurally inappropriate and unnecessary. It will be denied as moot.

    This Memorandum Decision contains the court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 524[1] and

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *prior* to October 17, 2005, the effective date of The



General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**Background.**

Sinkpiel filed a civil action for personal injury against Zagala in the Superior Court of Kern County on March 16, 2005 (the "State Court Action"). Zagala filed a *pro se* chapter 7 bankruptcy petition on September 29, 2005 and received a discharge on January 19, 2006. Zagala listed the State Court Action in her Statement of Financial Affairs as a pending suit for an auto accident. Zagala also listed Sinkpiel as an unsecured creditor in her Schedule F. After Zagala's discharge was entered, Zagala's counsel moved for dismissal of the State Court Action. That motion was denied. On February 28, 2007, this court granted Sinkpiel's *ex parte* motion to reopen Zagala's bankruptcy case for the purpose of entertaining this Motion which was filed on March 28.[2]

Sinkpiel asks for an order which (1) grants relief from the automatic stay; and (2) modifies the discharge injunction to allow the State Court Action to proceed against Zagala, provided that the enforcement of any judgment shall be limited to amounts payable by Anchor Claims Services, Zagala's insurance carrier. The Motion was strongly opposed by Steve Karcher, Esq., the attorney retained by Zagala's insurance company to defend her in the pending State Court Action.[3] Zagala's opposition is not based on the merits of the Motion, but instead focuses on allegations of inappropriate conduct by Sinkpiel and his counsel. Zagala contends, *inter alia*, that Sinkpiel prosecuted the State Court Action in violation of the automatic stay which arose upon commencement of the

---

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]Sinkpiel requested an order authorizing prosecution of the State Court Action in his *ex parte* motion to reopen the case. The court issued an order granting the application to reopen, but denied any further relief without a noticed hearing.

[3]Steve Karcher was not Zagala's attorney of record in the bankruptcy case and has not previously made any appearance in this bankruptcy.

2

bankruptcy case. Those allegations are irrelevant to the issue presented here and will not be considered.

**Issue.**

The question presented is whether the automatic stay and/or Zagala's discharge operate to prevent Sinkpiel from prosecuting the State Court Action against Zagala when liability will be enforced solely against Zagala's insurance carrier.

**Analysis and Conclusions of Law.**

**The Automatic Stay Has Already Terminated.**

The protections afforded by the automatic stay under § 362(a) are temporary. The scope of Zagala's "fresh start" is defined by the discharge under § 524(a). Sinkpiel seeks to prosecute the State Court Action solely for the purpose of establishing a right of recovery against Zagala's insurance carrier. The automatic stay in this case, which temporarily barred prosecution of the State Court Action, expired automatically upon entry of Zagala's discharge on January 19, 2006, and is therefore no longer applicable to the State Court Action. § 362(c)(2)(C); *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 550-51 (9th Cir. BAP 2002). No further relief is required with regard to the automatic stay.

**Applicability of the Discharge Injunction.**

Once the debtor's discharge is entered, the bankruptcy court is without power to modify the discharge. The discharge injunction which protects the debtor is set in "statutory concrete" and cannot be modified. *Id.* at 550. However, the discharge injunction is only intended to protect the debtor and the debtor's property. It does not protect third parties who may be co-liable with the debtor on a particular debt. § 524(e); *Patronite v. Beeney (In re Beeney)*, 142 B.R. 360, 363-64 (9th Cir. BAP 1992).

As a procedural matter, the bankruptcy court may enforce, or define the scope of the discharge injunction, but it may only do so through a declaratory judgment in a properly filed and served adversary proceeding. Fed.R.Bankr.P. 7001(6) & (9); *In re Munoz*, 287 B.R. at 551. Sinkpiel's attempt to seek relief through a "contested matter"

motion, instead of an adversary proceeding is alone grounds to deny the Motion. *Id.* However, the underlying issue, application of the discharge injunction, has already been resolved in the Ninth Circuit. In *In re Beeney*, the victim of an automobile accident brought a motion to reopen a debtor's bankruptcy case seeking a declaration that the victim was not barred from naming the debtor in a personal injury lawsuit in state court. The purpose of the lawsuit was to collect damages under the debtor's insurance policy. The bankruptcy court denied the motion to reopen and the victim appealed. The Bankruptcy Appellate Panel affirmed, holding that (1) as a matter of law, the discharge injunction did not bar the victim from pursuing a personal injury lawsuit against the debtor as long as the victim did not intend or attempt to enforce any judgement against the debtor or his property; and (2) the bankruptcy case did not have to be reopened, and the bankruptcy court did not have to enter an order authorizing prosecution of the lawsuit for that purpose. *In re Beeney*, 142 B.R. at 363-364.

**Conclusion.**

Based on the foregoing, the Motion will be denied as moot in so far as it seeks any relief from the automatic stay under § 362(a). The automatic stay terminated upon entry of Zagala's discharge.

With regard to the discharge under § 524(a), the court has no power to modify the discharge injunction. However, the discharge injunction does not bar the post-discharge prosecution of Sinkpiel's prepetition personal injury action where the liability, if any, will be enforced only against Zagala's insurance carrier. No further relief is required and the Motion will also be denied as moot to the extent that it seeks to modify the discharge injunction. This bankruptcy case shall be re-closed.

Dated: June __19__, 2007

_____
W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Jennifer Zagala<br>907 Foxcroft<br>Bakersfield CA 93312 | Craig Johnson<br>5001 California Ave #106<br>Bakersfield CA 93309 | Steven Karcher<br>1830 Turxtun Ave #2<br>Bakersfield CA 93301 |
| Patrick Kavanagh<br>1331 L St<br>Bakersfield CA 93301 | Office of the USTR<br>2500 Tulare St #1401<br>Fresno CA 93721 | |

DATED: 6/19/07                By: _____Cwelline_____
                                      Deputy Clerk

EDC 3-070 (New 4/21/00)